IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LAUREN ADAMS and MICHAEL ADAMS,**
Individually and as Natural Parents and
Next Friends of M.A., a Minor                                                         **PLAINTIFFS**

v.                                                                      CAUSE NO. 1:25-cv-040-LG-BWR

**PASCAGOULA-GAUTIER SCHOOL**
**DISTRICT, et al.**                                                                      **DEFENDANTS**

## ORDER REQUIRING RULE 7(a) REPLY

Defendant Wanda Clark raises in her [40] Motion to Dismiss a qualified immunity defense against all federal claims raised by Plaintiffs Lauren Adams and Michael Adams. Having reviewed the record and the relevant law, the Court finds that a *Schultea* Reply is required.

### BACKGROUND

M.A. attended Eastlawn Elementary School in Pascagoula, Mississippi, as a special education student. He was in Lakeshia Jackson's first-grade classroom, and Clark served as Jackson's assistant teacher. Plaintiffs allege Jackson and Clark began inflicting physical and mental abuse on M.A. as early as August 2023. Plaintiffs allege that during an afterschool pick-up in January 2024, Clark physically dragged M.A. to his aunt's car by his jacket. Plaintiffs further allege Clark allowed M.A. to play on an electronic tablet rather than teach him.

Plaintiffs, individually and on behalf of M.A., sued Clark under 42 U.S.C. § 1983 for allegedly abusing M.A. while he attended Eastlawn. Plaintiffs allege

Clark violated M.A.'s Fourteenth Amendment right to bodily integrity. Plaintiffs also allege Clark violated the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and state law. Clark raises a qualified immunity defense for all federal claims against her.

## DISCUSSION

"[W]hen, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, the district court must—as always—" apply Rule 8(a)(2)'s "short and plain standard to the complaint." *Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016) (citation modified). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Accordingly, a government official is entitled to immunity from suit unless: (1) the plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct. *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

"When a defendant pleads the defense of qualified immunity, the trial judge should determine both what the current applicable law is and whether it was clearly established when the action occurred." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (citation omitted). The plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions,

at least when those facts are known to the plaintiff and are not peculiarly within the knowledge of defendants." *Id.* "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

The Fifth Circuit has instructed the trial courts that there exists an alternative to outright dismissal of claims that do not surmount the threshold hurdle of qualified immunity:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434.[1]

Plaintiffs raise Fourteenth Amendment Substantive Due Process Bodily Integrity, Rehabilitation Act, and ADA claims against Clark. The only specific facts the Court can identify relevant to the federal claims are that Clark allegedly dragged M.A. to his aunt's car and that she provided M.A. with an electronic tablet.

---

[1] If a plaintiff's pleadings are still insufficient to overcome qualified immunity, "the district court *must* grant the motion to dismiss without the benefit of pre-dismissal discovery." *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022).

3

The Amended Complaint's vague allegations against Clark fail to specify how, where, when, and in what capacity Clark acted.

## CONCLUSION

The Court has determined that Plaintiffs' allegations in the Amended Complaint are insufficient to overcome Clark's cloak of qualified immunity. *See id.* (Plaintiffs must support their claims with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Clark's] conduct at the time of the alleged acts."). Under these circumstances, the Court finds a *Schultea* Reply addressing the Court's concerns is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs are directed to file a *Schultea* Reply consistent with this Order on or before **August 25, 2025**.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE